UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Juan Acosta

    v.                                          Civil No. 06-cv-471-PB

Warden, New Hampshire State Prison

**O R D E R**

    Juan Acosta has filed a petition for a writ of habeas corpus (document no. 1), pursuant to 28 U.S.C. § 2254, challenging his New Hampshire criminal conviction and sentence. The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). As discussed herein, I find that the petition does not at this time make a facially sufficient showing that Acosta is entitled to relief. I order, therefore, that Acosta amend his petition to demonstrate that each of the claims therein has been properly exhausted. See LR 4.3(d)(2)(B).

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and

meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

In March of 2004, Acosta was sentenced to serve ten to twenty years in the New Hampshire State Prison after a jury trial.[1]  Acosta claims that his conviction was unconstitutional because the Court failed to instruct the jury that, with regard to one of the charges against Acosta, the jury had to agree unanimously as to what action constituted the factual predicate for the conspiracy offense charged.[2]  Acosta alleges that the failure to instruct the jury properly allowed the jury to convict even if the jurors did not agree on what action on Acosta's part constituted commission of a crime.  Acosta alleges that the issue of the unanimity of the jury was appealed to the New Hampshire Supreme Court, which affirmed Acosta's conviction.

Acosta further claims that his trial counsel was ineffective for failing to object to the admission of testimony from a known drug addict, because her testimony was in all likelihood made

---

[1] Acosta's petition states that Acosta received three concurrent ten to twenty year sentences.

[2] Acosta has provided no specific information as to what he was charged with or what constituted the factual basis of the charges.

when she was under the influence of heroin.  Moreover, Acosta claims that soliciting the testimony of a witness under the influence of heroin was an act of prosecutorial misconduct. Finally, Acosta alleges that the judge abused his discretion in imposing an invalid sentence and allowing an invalid conviction to stand.

Discussion

1.  Custody and Exhaustion

To be eligible for habeas relief, Acosta must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2241 and § 2254(a) & (b); see Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir. 1981).  Acosta satisfies the first requirement as he is currently incarcerated.  However, the petition does not establish satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v.

Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v. Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

Acosta has not demonstrated that he exhausted his claim alleging a violation of his right to a unanimous jury verdict. Acosta states that the claim was raised in his direct appeal to the New Hampshire Supreme Court, but does not provide any indication that the federal nature of the claimed right was raised in that court. Acosta has not stated whether or not his other claims, including the federal nature of those claims, were raised in the state courts at all. Accordingly, in order to proceed with this petition, Acosta must amend his petition to demonstrate exhaustion of all of the claims he has raised here.

2.   Mixed Petition

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (emphasis added).  If Acosta's petition contains both exhausted and unexhausted claims, and Acosta were to press his petition without first exhausting all of the claims contained therein, I would have to recommend dismissal of the entire petition.  See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513–21 (1982)).  If the petition contains both exhausted and unexhausted claims, the proper course of action would be to stay this petition pending the exhaustion of all of the claims and compliance with this Order.  See Rhines v. Weber, 544 U.S. 269, 278 (2005) (a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

litigation tactics."). At this time, I cannot determine whether or not any of the claims have been properly exhausted in the state courts. Accordingly, Acosta must amend his petition as directed in order to properly advise this Court as to the exhaustion status of each of his claims.

It should be noted that Acosta has the option of foregoing his unexhausted claims, if any of his claims are in fact unexhausted, and requesting that the Court proceed promptly with consideration of only his exhausted claims, if he has exhausted one or more of his current claims. Acosta should be advised that if he does forego any of his claims, he will likely waive ever having the foregone claims considered by this Court due to the prohibition against second or successive federal habeas petitions. See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998).

3. Demonstration of Exhaustion

Acosta has alleged that his claim based on his right to a unanimous jury verdict was presented to the New Hampshire Supreme Court for consideration. Acosta has not provided motions, notices of appeal or other pleadings brought in the state courts

which demonstrate that the federal nature of this claim has been fairly presented to, and thereby exhausted in, the state courts. As to the other claims raised in the petition: ineffective assistance of trial counsel, improper sentence, and prosecutorial misconduct, the petition is silent as to whether or how these claims, including the federal nature of the claims, were presented in the state courts.  In order to demonstrate exhaustion of all of his claims, Acosta must amend his petition by submitting to this Court copies of all of the pleadings presented to the state courts regarding the claims raised in this petition, so that this Court can determine whether or not the state courts have been given a fair opportunity to rule on the claims raised here, including the federal nature of the claims, to allow this action to proceed.

## Conclusion

Acosta is ordered to amend his petition within thirty days of the date of this Order to notify this Court as to whether (1) he has already exhausted any of his claims and to demonstrate exhaustion here of any such claims, or (2) he intends to return to the state court to complete exhaustion prior to amending his petition to demonstrate exhaustion here, or (3) that he chooses

to forego any currently unexhausted claims and proceed only on those claims for which he can demonstrate exhaustion.  If Acosta chooses to exhaust his unexhausted claims prior to filing his amended petition, he must commence state court action to exhaust all of the unexhausted federal claims within thirty days of the date of this Order.

If Acosta notifies the Court that he intends to commence a state court action to complete exhaustion of his claims, the petition will be stayed pending exhaustion of Acosta's unexhausted claims.  Once the petition is stayed to allow Acosta to exhaust his claims, Acosta is ordered to contact this Court every 90 days while seeking exhaustion of his claims, beginning 90 days from the date of the Order staying his petition, to notify the Court that the matter is still pending in the state courts and has not been decided, or to report any change in the status of the state court proceedings.  When the New Hampshire Supreme Court has ruled on his federal constitutional claims, and the claims are thus exhausted, Acosta must, within 30 days of being notified of the Supreme Court's final ruling, notify this Court of that ruling, submit to this Court the New Hampshire Supreme Court's ruling, as well as all briefs or other pleadings

filed in that court, and file a request that this Court further consider his petition. If Acosta fails to comply with this Order, I will recommend that his petition be dismissed for failure to demonstrate exhaustion.[3]

    **SO ORDERED.**

                                              /s/ James R. Muirhead
                                              James R. Muirhead
                                              United States Magistrate Judge

Date: January 4, 2007

cc:    Juan Acosta, pro se

---

[3] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Acosta's claims. See Slack v. McDaniel, 529 U.S. 473 (2000).